**UNITED STATES of America, Appellee,**

v.

**Ronald A. PABISZ, Defendant–Appellant.**

**No. 792, Docket 90–1326.**

United States Court of Appeals, Second Circuit.

Argued Feb. 15, 1991.

Decided June 12, 1991.

Mark B. Gombiner (The Legal Aid Society, Federal Defender Services Unit, New York City, of counsel), for defendant-appellant.

Douglas T. Burns, Asst. U.S. Atty. (Andrew J. Maloney, U.S. Atty., E.D.N.Y., Su-san Corkery, Asst. U.S. Atty., New York City, of counsel), for appellee.

Before PIERCE, WINTER, and WALKER, Circuit Judges.

PIERCE, Senior Circuit Judge:

Ronald A. Pabisz appeals from a judgment of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*), filed on May 11, 1990, convicting him of three counts of willfully attempting to evade his federal income taxes in violation of 26 U.S.C. § 7201 (1988). Pabisz principally contends that in light of the Supreme Court's recent decision, *Cheek v. United States,* —— U.S. ——, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), he must be granted a new trial because the jury was erroneously instructed that they could not credit his good faith defense unless they found his beliefs reasonable. In addition, he argues, *inter alia,* that he was denied access to information about whether any of the prospective jurors have been audited or investigated by the Internal Revenue Service ("IRS") in violation of 26 U.S.C. § 6103(h)(5) (1988) and that the failure to comply with this statute is per se reversible error. For the reasons set forth below, we reverse the judgment of the district court and remand for a new trial.

## BACKGROUND

In 1981 Pabisz, an electrician, began to have conversations with friends who took the position that they were not required to file individual income tax returns. He found himself influenced by his friends' views to the point where he accepted their invitation to attend a meeting where various fliers were distributed. Pabisz testified that after reading a flier that analyzed a 1916 Supreme Court case, *Brushaber v. Union Pacific Railroad Co.,* 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916), he went to a law library and read several Supreme Court cases concerning the obligation to pay taxes. In addition, he studied the Internal Revenue Code, wrote letters to three Congressmen and contacted the IRS. Pabisz asserts that based upon his research, he concluded that he was not required to

file individual income tax returns or pay taxes. Therefore, after 1981, he did not file any income tax returns and also claimed to be exempt from withholding in his W–4 forms.

On April 13, 1989, Pabisz was indicted by a grand jury and charged with three counts of willfully attempting to evade income taxes by failing to file income tax returns and by filing false W–4 forms for the years 1984 through 1986.

Pabisz pleaded not guilty, whereupon the government proceeded to trial on March 5, 1990. Before the defense rested, defense counsel submitted ten requests to charge, four of which concerned a claim of good faith as a defense to the element of willfulness. One request sought to have the district judge instruct the jurors to apply a subjective standard of good faith:

A good faith, honest misunderstanding of the requirements of the law is a defense to the element of willfulness. If you find that the Defendant's conduct or beliefs were the result of a good faith, honest misunderstanding of the requirements of the law, you must find the Defendant not guilty.

In determining Defendant's good faith, you must apply a subjective standard of good faith. That is, you must determine whether the Defendant actually believed what he says he believed.

It does not matter whether you consider Defendant's beliefs to be reasonable. The only question for you to decide is whether the Defendant's beliefs were honest and in good faith, even if such beliefs are unreasonable.

If you find that Defendant's conduct was the result of mistake, inadvertence or even gross negligence, you must find the Defendant not guilty.

Thus, you must look to the Defendant's actual state of mind and determine whether the Defendant's beliefs were sincerely held by the Defendant, and in good faith. Put another way, the Government must prove beyond a reasonable doubt that the Defendant did not believe what he claims he believed.

After a pre-charge conference, which was not recorded, the district judge recounted that both counsel had "consented" to "an objective reasonable test" for good faith. The wording of the instruction that the judge intended to deliver was not read into the record.

The next morning, the following colloquy occurred in chambers:

THE COURT: I changed the law in my charge a little bit and I want to hear what you have to say. I think it's clearer.

[PROSECUTOR]: It is a little better.

[DEFENSE COUNSEL]: That's fine, Judge.

[PROSECUTOR]: Fine with me.

THE COURT: I am substituting the most important page on the good faith defense and putting this in, and I think I balanced it. Let's go out.

[PROSECUTOR]: So we will go right to summations.

THE COURT: If there's no objections we'll go right in. There's only one issue in this case, good faith defense.

The record does not reflect what changes Judge Wexler disclosed he had made in his instructions. Significantly, no objection to the charge was made by defense counsel.

The charge on good faith that was actually delivered to the jury provided in part:

The issue for you is was the defendant reasonable in having a good faith belief that the income tax law did not apply to him, or did he willfully evade the assessment of taxes? This issue of intent as to the defendant is one which the jury must determine from consideration of all the evidence in the case bearing on defendant's state of mind.

If you find that the defendant was reasonable in believing he had a good faith belief that the income tax did not apply to him, you should find him not guilty. If you find that the government has proven beyond a reasonable doubt that the defendant willfully evaded the assessment of his taxes, you should find him guilty.

The jury returned verdicts of guilty on all three counts of the indictment. On May

4, 1990, Pabisz was sentenced to three years' imprisonment on Count One, five years' probation on Counts Two and Three, to run consecutively to Count One and concurrently with each other, and a $50 special assessment on each count. As a condition of probation, Pabisz was ordered to pay all tax liabilities and the costs of his prosecution and confinement.[1]

## DISCUSSION

### A. *Good Faith Defense Instruction*

 Pabisz principally claims that the trial court erred in instructing the jury that they could not credit his good faith defense unless they found that his beliefs were reasonable. Since there is no indication in the record that Pabisz timely objected to the charge, our review is limited by the plain error standard of Fed.R.Crim.P. 52(b). *See United States v. Young,* 470 U.S. 1, 15–16, 105 S.Ct. 1038, 1046–1047, 84 L.Ed.2d 1 (1985); *United States v. Frady,* 456 U.S. 152, 163, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982); *United States v. Alkins,* 925 F.2d 541, 553 (2d Cir.1991).

Recently, in *Cheek v. United States,* — U.S. ——, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), the Supreme Court held that it was error for the trial court to instruct the jury that in determining whether the defendant had acted willfully, it should disregard his asserted beliefs that wages are not taxable income and that he was not a taxpayer within the meaning of the Internal Revenue Code. *See id.* 111 S.Ct. at 613. In rejecting the Seventh Circuit's objective reasonableness test for good faith, the Court made clear that a trial court may not instruct a jury that, to negate the knowledge component of the willfulness requirement, a defendant's good faith belief that the tax laws did not impose any duty on him must be objectively reasonable. *See id.* 111 S.Ct. at 610–12.

The government contends that the district court's judgment should be affirmed since the charge adequately conveyed the governing legal principles to the jury and since Pabisz "ratified" the district court's

charge. It also broadly maintains that "the Judge left the issue of defendant's good faith beliefs for the jury to decide." We disagree.

As the district judge noted, the pivotal issue in this case was defendant's good faith defense. In our view, it seems clear that the jury might have been seriously misled into believing that Pabisz's good faith beliefs could negate the element of willfulness only if those beliefs were objectively reasonable. Since we conclude that the jury was erroneously instructed about the principal issue at trial, we are compelled to find that "the fundamental fairness of the trial," *Young,* 470 U.S. at 16, 105 S.Ct. at 1047, was undermined. *See United States v. Aitken,* 755 F.2d 188, 193–94 (1st Cir.1985) (concluding that objective reasonableness instruction in willful tax evasion case was plain error despite strong evidence against defendant).

The basic problem with the instruction given is that, on the issue of good faith, the jury was not instructed that it must consider whether Pabisz subjectively believed that he did not need to file income tax returns or pay taxes. *See Cheek,* 111 S.Ct. at 611; *United States v. Fletcher,* 928 F.2d 495, 501 (2d Cir.1991). Put another way, the court did not instruct the jury that defendant's beliefs need not be objectively reasonable if they were actually held in good faith. *See Cheek,* 111 S.Ct. at 611.

Further, the potential for misleading the jury was heightened by the prosecutor's summation in which he repeatedly urged the jury to consider the reasonableness of Pabisz's beliefs. For example, he stated, "In other words, does he have an opinion, protest, disagreement and has he done research? Yes, of course, there's nothing wrong with that. Forget that. You look [at] whether he had to know objectively if whether he had to file." Later, in his rebuttal summation, the prosecutor emphasized that Pabisz's beliefs were "unreasonable" and "totally unreasonable."

 We also reject the government's contention that Pabisz "ratified" or "stipu-

---

1. Pabisz is currently on bail pending the outcome of this appeal.

lated" to the objective reasonableness instruction. Pabisz's requests to charge evidenced his clear desire to have the district court adopt a subjective reasonableness standard. And although Pabisz's counsel said, "That's fine, Judge," we are unwilling to conclude that Pabisz affirmatively waived his objections to the charge in the absence of a record of the pre-charge conference. In any event, even if defense counsel had ratified the charge, our standard of review would still be plain error. *Aitken,* 755 F.2d at 191.

### B. *26 U.S.C. § 6103(h)(5)*

Prior to trial, defense counsel sought to obtain the names, addresses, and Social Security numbers of the prospective jurors, for use in securing information under 26 U.S.C. § 6103(h)(5). Section 6103(h)(5) provides that when the United States is a party to any judicial proceeding described in subsection four, the Secretary of the Treasury, at the written request of any party to the proceeding, shall disclose whether "an individual who is a prospective juror ... has or has not been the subject of any audit or other tax investigation by the Internal Revenue Service. The Secretary shall limit such response to an affirmative or negative reply to such inquiry."

At defense counsel's request, the district judge signed an order, dated November 3, 1989, requiring the Jury Office to provide defense counsel with a list of prospective jurors pursuant to 26 U.S.C. § 6103(h)(5). Despite this order, the list of jurors was never produced prior to jury selection. When defense counsel objected to jury selection without the list, the prosecutor requested that the judge ask each juror whether he or she had been audited by the IRS. Defense counsel stated, "I would object to those questions being asked in the voir dire." The district judge replied, "I will not ask them. You waive it then?" Defense counsel responded, "No, Your Honor." The judge then asked, "you don't want me to ask it but you don't want ... to waive it?" Defense counsel replied, "the purpose of getting the list is to prevent us from having to ask those kinds of questions." The judge inquired as to how long counsel had been waiting for the list and was reminded that an order had been signed four months earlier. Without further comment, the trial judge ordered the jury panel brought in and the trial commenced.

During the voir dire, the judge asked the panel if "you or any members of your family have a dispute with the United States Government at this time?" One juror stated that his work as a finance administrator caused him to have dealings with the IRS. Otherwise, there were no affirmative responses to the court's question. No juror volunteered that he or she presently was or had been the subject of an IRS audit.

On appeal, Pabisz claims that the court's failure to comply with 26 U.S.C. § 6103(h)(5) is per se reversible error. Because of our disposition of the erroneous jury instruction issue, we need not decide the appropriate standard for reviewing Section 6103(h)(5) issues. We do note, however, that the Ninth Circuit has recently rejected the per se rule of reversal. *See United States v. Sinigaglio,* 925 F.2d 339, 342 (9th Cir.1991). Currently, the Ninth Circuit requires reversal if an error under Section 6103(h)(5) " 'raises a significant risk of prejudice and examination of the jurors failed to negate that inference.' " *Id.* (quoting *United States v. Hashimoto,* 878 F.2d 1126, 1133 (9th Cir.1989)).

The First and Fifth Circuits have also considered the issue and have applied a harmless error analysis to Section 6103(h)(5) issues. *See United States v. Lussier,* 929 F.2d 25, 29–30 (1st Cir.1991) (per curiam); *United States v. Masat,* 896 F.2d 88, 95 (5th Cir.1990).

### CONCLUSION

For the purposes of a new trial, of the remaining issues presented, we find no merit to defendant's claims of error, including the claims raised in the supplemental brief that was filed *pro se.* The judgment of the district court is reversed, and the matter is remanded for a new trial.